1  SEAN P. NALTY (SBN 121253)
   WILSON, ELSER, MOSKOWITZ,
2     EDELMAN & DICKER LLP
   525 Market Street, 17th Floor
3  San Francisco, California 94105
   Tel:   (415) 433-0990
4  Fax:   (415) 434-1370

5  Attorneys for Defendant
   BERKSHIRE LIFE INSURANCE COMPANY
6  OF AMERICA and THE GUARDIAN LIFE
   INSURANCE COMPANY OF AMERICA
7

FILED
08 JUL 30 PM 3:08
RICHARD W. WIEKING
CLERK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE BRANCH

**PVT**

DR. JOEL DREXEL,

    Plaintiff,

v.

BERKSHIRE LIFE INSURANCE
COMPANY OF AMERICA; THE
GUARDIAN LIFE INSURANCE
COMPANY OF AMERICA, DOES I
THROUGH V, INCLUSIVE, AND ROE
CORPORATIONS I THROUGH V,
INCLUSIVE,

    Defendants.

CV 08 No. **3653**

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT UNDER
28 U.S.C. §§ 1332, 1441 and 1446 (Diversity)

Action Filed: June 19, 2008

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendants The Guardian Life Insurance Company of America ("Guardian") and Berkshire Life Insurance Company of America ("Berkshire") (collectively "defendants") hereby remove this action to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, on the grounds that there is complete diversity of citizenship between plaintiff Dr. Joel Drexel ("plaintiff"), a citizen of the State of California, Guardian, a citizen of the State of New York, and defendant Berkshire, a citizen of the Commonwealth of Massachusetts; that the amount in controversy exceeds the

---

1

Notice of Removal of Civil Action to Federal Court

366002.1

jurisdictional minimum of $75,000.00, exclusive of interest or costs, as set forth in section 1332(a); and that the foregoing facts were true at the time the complaint in this matter was filed and remain true as of the date of the filing of this notice of removal, as more fully set forth below.

1. On June 19, 2008, plaintiff filed in the in the Superior Court of the State of California, County of Santa Clara, a civil action entitled *Dr. Joel Drexel v. Berkshire Life Insurance Company of America and The Guardian Life Insurance Company of America, Does I through V, Inclusive, and Roe Corporations I through V, inclusive* ("the Complaint").

2. Berkshire and Guardian were served with the Complaint on July 14, 2008. A true, correct and complete copy of the Complaint, served on defendants, is attached hereto as Exhibit A. Each and every allegation stated in the Complaint is incorporated by reference into this notice. A copy of the summons served on defendants is attached hereto as Exhibit B. Finally, attached hereto, as Exhibit C, are the remaining papers served on defendants with the Complaint.

3. Defendants have not been served with, or received, any other pleadings pertaining to this action except for those documents attached hereto as Exhibit A through C Defendants are informed and believe, and thereon allege, that other than the pleadings described in this notice of removal and attached to this notice of removal, there have been no further pleadings, process, or orders filed in this action.

4. Defendants have filed this notice of removal within 30 days after receipt by defendants of a copy of any pleading, motion, order or other paper from which it was first ascertained that the case is one which is removable.

5. The other defendants named in the Complaint are merely fictitious parties identified as Does I through V, Inclusive, and Roe Corporations I through V, inclusive whose citizenship shall be disregarded for purposes of this removal. *Fristos v. Reynolds Metal Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

6. As demonstrated by the following, this action is a civil action over which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this Court by defendants pursuant to 28 U.S.C. §1441, in that it is a civil action between citizens of different states, the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs,

and this was true at the time of the filing of the Complaint and remains true as of the time of the filing of this notice.

      (a)    Plaintiff was at the time of the filing of this action, and still is, a citizen of the State of California and a resident of Santa Clara County. The Complaint, ¶ 1.

      (b)    Guardian was, at the time of the filing of this action, and still is, a citizen of the State of New York, incorporated under the laws of the State of New York, and having its principal place of business in New York. Guardian's home office is in New York and a majority of Guardian's employees work in New York. The majority of Guardian's operations are in New York. Guardian's senior executives work in New York.

      (c)    Berkshire was, at the time of the filing of this action, and still is, a citizen of the Commonwealth of Massachusetts, incorporated under the laws of the Commonwealth of Massachusetts, and having its principal place of business in Pittsfield, Massachusetts. Berkshire's home office is in Massachusetts and a majority of Berkshire's employees work in Massachusetts. The majority of Berkshire's operations are in Massachusetts. Berkshire's senior executives work in Massachusetts.

      (d)    This Court's jurisdictional minimum, an amount in controversy in excess of $75,000.00, exclusive of interest and costs, was satisfied at the time of the filing of this action, and still is satisfied, based on the following:

      (1)    Plaintiff alleges in the Complaint claims for relief for breach of contract, breach of the covenant of good faith and fair dealing ("bad faith"), declaratory relief, Unjust Enrichment, Infliction of Emotional Distress, Negligent Misrepresentation, and Attorney's Fees. The Complaint, ¶¶ 5-63. Without admitting the facts alleged in the Complaint, and solely for the purpose of demonstrating diversity jurisdiction, defendants incorporate by reference, as if they were fully set forth below, the facts and allegations alleged by plaintiff in paragraphs 5 through 63 of the Complaint and the allegations in the prayer of the Complaint.

      (2)    The Court may, for removal purposes, look to the removal papers for underlying facts establishing the jurisdictional limit. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A removing defendant need only show by a preponderance of evidence that plaintiff's

claim exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

(3) Plaintiff alleges that Guardian issued a disability policy ("the Policy") to him with a monthly benefit of $3,000.00. The Complaint, ¶¶ 6-8. Plaintiff alleges that he has been totally disabled from his occupation as a dentist since March 29, 2005. The Complaint, ¶ 16. He further alleges that he made a claim for benefits under the Policy and that the claim was denied on or about September 2006. *Id.* at 23-26. He now claims he is entitled to disability benefits under the Policy since September 2006. *Id.* at 28. This places at issue 21 months of benefits as of the date of the filing of the Complaint (September 2006-June 2008). This amounts to $63,000.00 in alleged contract damages as of the filing of the Complaint (21 x $3,000.00 per month).

(4) In addition to contract damages, if plaintiff proves his allegations of bad faith, and defendants' affirmative defenses fail, he can claim compensatory damages in the form of future policy benefits as part of his general damages. *Egan v. Mutual of Omaha Ins. Co.*, 24 Cal.3d 809, 824, 169 Cal.Rptr. 691, 699, fn. 7 (1979). Plaintiff alleges that he has sustained general damages in an amount to be determined later. The Complaint, ¶ 29. Plaintiff alleges "incidental and consequential damages to be determined later." The Prayer of the Complaint, ¶ 6. Plaintiff alleges that benefits under the Policy are payable until he is 65. The Complaint, ¶ 9. Plaintiff's month of birth is November 1975. There are 388 months of future benefits at issue based on plaintiff's age and plaintiff's allegation that benefits are payable under the Policy until his 65th birthday (July. 2008-Nov. 2040 = 388 months). Based on plaintiff's monthly benefit amount of $3,000.00, and not considering any defenses that defendants may raise, including the affirmative defense that this amount must be reduced to present value, the amount of future benefits at issue is $1,164,000.00.

(5) Plaintiff further alleges that the denial of benefits caused him to experience severe emotional distress. The Complaint, ¶¶ 52-55. He also claims that he is entitled to punitive damages for the willful breach of the disability contract. *Id.* at ¶ 40. "Where both actual and punitive damages are recoverable under a Complaint each must be considered to the extent claimed in determining jurisdictional amount." *Bell v. Preferred Life Assurance Society*, 320 U.S.

238, 240, 64 S.Ct. 5, 88 L.Ed. 15 (1943). The court properly considers plaintiff's punitive damage claim against defendants in computing the amount necessary for federal jurisdiction because plaintiff alleges a claim for punitive damages in his claim for relief for bad faith. The Complaint, ¶ 40.

    (6) Finally, plaintiff also alleges a claim for relief for attorney's fees. The Complaint, ¶¶ 63-64. He alleges an attorney's fee damage claim in paragraph 4 of the prayer of the Complaint. Attorney's fees incurred in obtaining promised contract benefits are recoverable as an item of tort damage in an action for insurance bad faith. *Brandt v. Superior Court*, 37 Cal.3d 813, 210 Cal.Rptr. 211 (1985). If attorney's fees are recoverable by plaintiff, the fee claim is included in determining the amount in controversy. *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982). It is reasonable to expect that plaintiff will claim as attorney's fees at least $25,000.00.

  7. As demonstrated above, plaintiff's damage claims far exceed this Court's jurisdictional limit. In that there is diversity of citizenship, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs, and that this is true now as well as at the time the Complaint was filed in this matter, removal of this matter to the United States District Court for the Northern District of California is proper.

Dated: July 23, 2008

          WILSON, ELSER, MOSKOWITZ,
          EDELMAN & DICKER LLP


      By: *Sean P Nalty*
         SEAN P. NALTY
         Attorneys for Defendants
         BERKSHIRE LIFE INSURANCE COMPANY
         OF AMERICA and THE GUARDIAN LIFE
         INSURANCE COMPANY OF AMERICA

1  REZA ATHARI, ESQ.
   **REZA ATHARI & ASSOCIATES, PLLC**
2  A Multi-jurisdictional Law Office
   6235 S. Pecos Rd. Suite 109
3  Las Vegas, NV 89120
   Tel.: (702) 433-3529
4  FAX: (702) 458-8508
   California State Bar No. 186915
5  Attorney for Plaintiff
   Dr. Joel Drexel

(ENDORSED)
**FILED**
JUN 19 2008

KIRI TORRE
Chief Executive Officer/Clerk,
Superior Court of CA/County of Santa Clara
BY_____ DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SANTA CLARA

DR. JOEL DREXEL

      Plaintiff

   V.

BERKSHIRE LIFE INSURANCE COMPANY
OF AMERICA; THE GUARDIAN
LIFE INSURANCE COMPANY OF
AMERICA, DOES I THROUGH V,
INCLUSIVE, AND ROE CORPORATIONS I
THROUGH V, INCLUSIVE

      Defendants

Case No. 1 0 8 C V 1 1 5 4 9 2

**COMPLAINT**

COMES NOW, Plaintiff, DR. JOEL DREXEL, by and through his attorney, REZA ATHARI, ESQ., of REZA ATHARI AND ASSOCIATES, a Professional Limited Liability Corporation, A Multijurisdictional Law Office, and for his cause of action against Defendants, BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA; THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA Does I through V, inclusive, and Roe Corporations I through V, inclusive, alleges as follows:

## GENERAL ALLEGATIONS

1.  Plaintiff is and was at all times a resident of the County of Santa Clara, California.

2. Defendants, and at all times herein mentioned, were a Corporation existing and providing insurance under the laws of the State of California.

3. That the true names and capacities whether individual, corporate, associates, co-partnership, or otherwise of Defendants, Does I through V and Roe corporations I through V are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes thereon that each of the Defendants designated herein as DOE and ROE are liable in some manner for the events and happenings herein referred to and proximately caused damages to the Plaintiff as herein alleged and that Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of said Defendants DOES I through V and Roe corporations I through V when the same have been ascertained by Plaintiff, together with appropriate charging allegations, and join such Defendants in this action.

4. Plaintiff is informed and believes and on that basis alleges that at all times relevant to this complaint there existed unity of interest between each defendant, and the employees of, owners of and/or partners in each defendant, and that each such defendant was the agent, representative, employee, principal and/or beneficiary of each other defendant and as such was acting on behalf of, under the authority of, with the full knowledge and consent of, and /or as the agent of each other defendant when performing the acts or failing to perform the acts set forth in this complaint.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

5. Plaintiff, restates and realleges the allegations of Paragraphs 1 through 4, inclusive, of the Complaint.

2

6. On or about August 2, 2002, Plaintiff and Defendants entered into a disability insurance policy contract in the State of California.

7. The contract provided that Plaintiff pay a monthly premium to the Defendants while working as a dentist for benefit if he becomes disabled as a dentist.

8. Plaintiff paid the premium timely each month.

9. The contract provided for $3,000 monthly payments to the Plaintiff if he became disabled as a dentist. If Plaintiff became disabled before he turned (40) forty years old, he would receive a lifetime benefit, otherwise, his benefit would continue until he turned (65) sixty five.

10. The contract provided for an annual increase of 3% if the disability was extended beyond a year.

11. On or about December 1, 2003, Plaintiff's vehicle was rear ended in North Santa Cruz Avenue on North Santa Cruz Avenue, in Los Gatos, California.

12. At the time of the collision, Plaintiff was working as a dentist in Northern California.

13. Subsequent to the collision, Plaintiff sought medical treatment for neck, back, and left arm and continues to do so.

14. As a direct and proximate result of the injuries sustained in the accident, Plaintiff could no longer withstand the pain and aggravation to his neck caused by his posture when practicing dentistry.

15. Plaintiff tried to work as a dentist in a reduced capacity, while exhausting all reasonable medical treatment options.

16. On or about March 29, 2005, Plaintiff became totally disabled from his profession, as a dentist.

17. Plaintiff completely ended his work at a dental office.

3

18. The practice of dentistry requires that Plaintiff flex his neck performing procedures on his patients.

19. Because of the severe neck and back pain caused by the posture necessary for the practice of dentistry, Plaintiff was no longer able to perform the normal duties of a dentist.

20. The dental profession requires that Plaintiff to sit and bend over for long periods of time performing procedures on his patients.

21. Plaintiff was no longer able to perform his major duties as a dentist because his neck and back pains did not allow him to bend over his patients to perform lengthy procedures.

22. Plaintiff became "totally disabled" as a dentist because of "sickness or injury," he was "not able to perform the major duties of his occupation."

23. On or about April 1, 2005, within thirty days of Plaintiff's loss, he gave notice of his claim to Defendant.

24. On or about April 26, 2005, Plaintiff provided to Defendant written proof of loss of the disability claim.

25. Subsequently, Defendants provided $3,000.00 per month in disbursements to Plaintiff pursuant to the disability claim.

26. On or about September of 2006, the disability disbursements were discontinued and Defendants denied Plaintiff's disability claim.

27. Defendants based their decision alleging that Plaintiff was not totally disabled because he was able to work in an administrative position.

28. That Plaintiff incurred general damages in the amount of $3,000 per month plus the annual increase from the date of denial.

29. That as a result of this Breach of Contract, Plaintiff has suffered pecuniary damages, all to his general damages in the amount of to be determined later.

4

30. That, by reason of the wrongful acts of the Defendants as aforesaid, the Plaintiff has been required to employ an attorney to represent his interests and Plaintiff is entitled to attorney fees expended by him in representation of him in this action.

## SECOND CAUSE OF ACTION
## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

31. Plaintiff, restates and realleges the allegations of Paragraphs 1 through 30, inclusive, of the Complaint.

32. Defendants denied coverage alleging Plaintiff was not totally disabled against the unambiguous language of the insurance contract in defining occupation.

33. Defendants made said allegation against the unambiguous language of the insurance contract in defining disability.

34. Defendants made said allegation against the unambiguous language of the insurance contract in defining total disability.

35. The conduct of the Defendants was knowingly improper, simply to avoid payment of a claim.

36. In denying the coverage the Defendants acted in an arbitrary manner.

37. The conduct of the Defendants in not fulfilling their promises was intentional because of their subsequent conduct in denying the policy benefits.

38. The Defendants were given ample time and evidence to correct their conduct.

39. The conduct of the Defendants was reprehensible, fraudulent, or in blatant violation of law or policy.

40. By reason of the wrongful acts of the Defendants and willful breach of the disability insurance contract as herein alleged, the Plaintiff is entitled to punitive damages.

41. That, by reason of the wrongful acts of the Defendants as aforesaid, the Plaintiff has been required to employ an attorney to represent his interests and Plaintiff is entitled to attorney fees expended by him in representation of him in this action.

## THIRD CAUSE OF ACTION
### DECLARATORY RELIEF AS TO REINSTATEMENT OF BENEFITS AND REFUND OF PREMIUMS COLLECTED

42. Plaintiff, restates and realleges the allegations of Paragraphs 1 through 41, inclusive, of the Complaint.

43. An actual controversy exists between Plaintiff on the one hand and the Defendants, on the other hand, arising out of the events alleged herein above. Specifically, Plaintiff contends that Defendants have no legal basis for denying Plaintiff disability payments, that plan benefits were wrongfully withheld or denied, that the denial of disability benefits is a breach of the insurance policy entered into by Plaintiff and Defendants.

44. Plaintiff seeks declaratory relief with respect to said controversies, and all other appropriate remedies available.

45. As a result of Defendant's breach of contract and bad faith dealings, Plaintiff has been required to resume monthly payments on the insurance policy.

46. That, by reason of the wrongful acts of the Defendants as aforesaid, the Plaintiff has been required to employ an attorney to represent his interests and Plaintiff is entitled to attorney fees expended by him in representation of him in this action.

47. Plaintiff is informed and believes and based thereon alleges that the Defendants dispute Plaintiff's contentions.

## FOURTH CAUSE OF ACTION
### UNJUST ENRICHMENT

48. Plaintiff, restates and realleges the allegations of Paragraphs 1 through 47, inclusive, of the Complaint.

49. Plaintiff had paid to the Defendants his monthly premium with the understanding and expectation that should he become disabled, Defendant would pay him disability benefits.

6

50. Defendants continued to receive Plaintiff's monthly premiums.

51. When Plaintiff become disabled, Defendants denied his coverage causing an unjust benefit to the Defendants in receiving money from the Plaintiff but failing, in return, to provide Plaintiff with monthly disability benefits when he became disabled as set forth in the insurance policy.

## FIFTH CAUSE OF ACTION
## INFLICTION OF PAIN AND EMOTIONAL DISTRESS

52. Plaintiff, restates and realleges the allegations set forth in Paragraphs 1 through 51, inclusive of the Complaint.

53. Defendants' said conduct was intentional and malicious.

54. Defendants' conduct was intentional and malicious and done for the purpose of wrongfully causing Plaintiff to suffer emotional distress and other damages.

55. As a direct and proximate result of the aforesaid acts and omissions of defendants, Plaintiff sustained loss of insurance coverage, incurred and continues to incur attorneys' fees, and has suffered and continues to suffer worry and mental and emotional distress, all to Plaintiff's detriment and damage and to the unjust enrichment of Defendants, and in amounts not fully ascertained, but within the jurisdiction of this Court. When such sums have been ascertained, Plaintiff will amend this complaint accordingly or will prove same at time of trial.

## SIXTH CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION

56. Plaintiff, restates and realleges the allegations of Paragraphs 1 through 55, inclusive, of the Complaint.

57. As set forth in greater detail above, at the time Plaintiff purchased the insurance policy with the Defendants, the policy represented that it would satisfy Plaintiff's specific requests and needs for income protection in the event of disability; and that Defendants were a reputable, reliable and trustworthy disability insurer that

7

would pay Plaintiff disability benefits in good faith and without undue delay, in the event Plaintiff became disabled and filed a claim for benefits under the insurance policy.

58. Said representations were false and untrue and were made without any reasonable grounds for their truth, and with the intent to induce Plaintiff's reliance thereon.

59. Plaintiff was unaware of the falsity of Defendants' representations and reasonably relied upon said representations in purchasing the insurance policy. Plaintiff would not have purchased the insurance policy and/or would have purchased other insurance, but for the representations referenced herein.

60. Defendants had no reasonable ground for believing said representations to be true, and said representations were made with the intent to induce Plaintiff to alter his position and reliance thereon and to induce Plaintiff to purchase the insurance policy, which Plaintiff did.

61. As set forth in greater detail above, when Plaintiff became totally disabled and had to quit his practice as a dentist, Plaintiff did file a claim for disability benefits, and Defendants subsequently denied Plaintiff's claim, in bad faith.

62. As a direct and proximate result of Defendants representations, Plaintiff has been injured in an amount equal to the disability benefits owed and owing to Plaintiff under the terms of the insurance policy.

## SEVENTH CAUSE OF ACTION
## ATTORNEY FEES

63. Plaintiff, restates and realleges the allegations of Paragraphs 1 through 62, inclusive, of the Complaint.

63. As a result of the actions and failings of the Defendants, and each of them, Plaintiff has retained the services of legal counsel and has necessarily incurred attorneys' fees and costs in prosecuting this action. Further, Plaintiff anticipates incurring additional attorney's fees and costs in hereafter pursuing this action, all

8

in a final amount which is currently unknown. Plaintiff therefore requests an award of reasonable attorney's fees and costs.

**WHEREFORE**, Plaintiff expressly reserves the right to amend the Complaint at the time of trial on the actions herein to include all items of damages not yet ascertained, demands judgment against the Defendants, and each of them, as follows:

1. General and compensatory damages in an amount in excess of $3,000.00 per month, from the time disability claim payments were terminated in September of 2006 to present and.
2. For interest from the date of nonpayment until satisfaction of judgment.
3. Reinstatement of the disability payments in the amount of $3,000.00 per month.
4. Attorney's fees and costs of suit incurred herein.
5. For punitive damages as will be determined later.
6. For incidental and consequential damages to be determined later.
7. For such other and further reliefs as the court may deem proper.

Respectfully submitted this ___ day of June 2008

Respectfully Submitted,

REZA ATHARI, ESQ.
REZA ATHARI & ASSOCIATES, PLLC
A Multi-jurisdictional Law Office
6235 S. Pecos Rd. Suite 109
Las Vegas, NV 89120
Tel.: (702) 433-3529
FAX: (702) 458-8508
California State Bar No.186915
Attorney for Plaintiff

9

| | | SUM-100 |
|---|---|---|

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Berkshire Life Insurance Company of America; The Guardian Life Insurance Company of America; Does I through V, inclusive; and Roe Corporations I through V, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Dr. Joel Drexel

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

(ENDORSED)
**FILED**
JUN 19 2008

KIRI TORRE
Chief Executive Officer/Clerk,
Superior Court of CA/County of Santa Clara
BY _J. Zenzen_ DEPUTY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Santa Clara
Downtown Superior Court, 191 North First Street
San Jose, CA 95113

CASE NUMBER: **CV 115492**
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Reza Athari, Esq. of Reza Athari & Associates, PLLC, a Multi-jurisdictional Law Office
6235 South Pecos Road, Suite 109, Las Vegas, NV 89120  Ph: (702)433-3529, Fax: (702) 458-8508

DATE: **JUN 19 2008**       Kiri Torre       Clerk, by _J. Zenzen_, Deputy
*(Fecha)*                   *(Secretario)*                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Berkshire Life Insurance Company of America
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

**CIVIL LAWSUIT NOTICE**  
Superior Court of California, County of Santa Clara  
191 N. First St., San Jose, CA 95113

ATTACHMENT CV-5012  
CASE NUMBER: __1 0 8 C V 1 1 5 4 9 2__

> **READ THIS ENTIRE FORM**

**PLAINTIFFS** (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

**DEFENDANTS** (The person(s) being sued): You must do each of the following to protect your rights:

1. You must file a written response to the *Complaint*, in the Clerk's Office of the Court, within 30 days of the date the *Summons* and *Complaint* were served on you;
2. You must send a copy of your written response to the plaintiff; and
3. You must attend the first Case Management Conference.

Warning: If you do not do these three things, you may automatically lose this case.

---

**RULES AND FORMS:** You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.scsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing: 408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

**CASE MANAGEMENT CONFERENCE (CMC):** You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.

---

Your Case Management Judge is: **James Emerson**                   Department: **19**

The 1st CMC is scheduled for: (Completed by Clerk of Court)  
   Date: **NOV 0 4 2008**   Time: **1:30 PM**   in Department **19**

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)  
   Date: _____   Time: _____   in Department _____

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.scsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

**WARNING:** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

Form CV-5012  
Rev. 07/01/07

**CIVIL LAWSUIT NOTICE**

Page 1 of 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< ADR can save time. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< ADR can save money. Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< ADR provides more participation. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< ADR provides more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< Mediation is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

< Mediation may be appropriate when:
  < The parties want a non-adversary procedure
  < The parties have a continuing business or personal relationship
  < Communication problems are interfering with a resolution
  < There is an emotional element involved
  < The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

**I. (a) PLAINTIFFS**
DR. JOEL DREXEL

**DEFENDANTS**
BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA; THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA

08 3653 PVT

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)
Santa Clara

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Reza Athari
Rezz Athari & Associates, PLLC
6235 South Pecos Road, Suite 109
Las Vegas, NV 89120
(702) 433-3529

Attorneys (If Known)
Sean P. Nalty (SBN 121253)
Wilson, Elser, Moskowitz, Edelman & Dicker
525 Market Street, 17th Floor
San Francisco, CA 94105
(415) 433-0990

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [X] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane / 362 Personal Injury - Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability / 365 Personal Injury - Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | **PROPERTY RIGHTS** | 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability / **PERSONAL PROPERTY** | 660 Occupational Safety/Health | 840 Trademark | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / 370 Other Fraud | 690 Other | **SOCIAL SECURITY** | 490 Cable/Sat TV |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | **LABOR** | 861 HIA (1395ff) | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 710 Fair Labor Standards Act | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| 195 Contract Product Liability | / 385 Property Damage Product Liability | 720 Labor/Mgmt. Relations | 863 DIWC/DIWW (405(g)) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | | 730 Labor/Mgmt. Reporting & Disclosure Act | 864 SSID Title XVI | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 740 Railway Labor Act | 865 RSI (405(g)) | 891 Agricultural Acts |
| 210 Land Condemnation | 441 Voting / 510 Motions to Vacate Sentence | 790 Other Labor Litigation | **FEDERAL TAX SUITS** | 892 Economic Stabilization Act |
| 220 Foreclosure | 442 Employment | 791 Empl. Ret. Inc. Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 443 Housing/ Accommodations / **Habeas Corpus:** 530 General | **IMMIGRATION** | 871 IRS - Third Party 26 USC 7609 | 894 Energy Allocation Act |
| 240 Torts to Land | 444 Welfare / 535 Death Penalty | 462 Naturalization Application | | 895 Freedom of Information Act |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 540 Mandamus & other | 463 Habeas Corpus - Alien Detainee | | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / 550 Civil Rights | 465 Other Immigration Actions | | 950 Constitutionality of State Statutes |
| | 440 Other Civil Rights / 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)
- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. sections 1332, 1441(b)
Brief description of cause:
Breach of Contract and Bad Faith

**VII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY**
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)** (PLACE AND "X" IN ONE BOX ONLY)
- [ ] SAN FRANCISCO/OAKLAND
- [X] SAN JOSE

DATE: July 29, 2008
SIGNATURE OF ATTORNEY OF RECORD: Sean P Nalty

NDC-JS44

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44
## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.   Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded &om Appellate Court. (3) Check this box for cases remanded to the district court for hrther action. Use the date of remand as the lilitlg date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal tiom a magistrate judge's decision.

**VI.   Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:     U.S. Civil Statute: 47 USC 553
                                                                                        Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. 111 this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand sucli as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.