SEAN P. NALTY (SBN 121253)
**WILSON, ELSER, MOSKOWITZ,
  EDELMAN & DICKER LLP**
525 Market Street, 17th Floor
San Francisco, California  94105
Telephone:    (415) 433-0990
Facsimile:     (415) 434-1370

Attorneys for Defendants
BERKSHIRE LIFE INSURANCE COMPANY
OF AMERICA and THE GUARDIAN LIFE
INSURANCE COMPANY OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE BRANCH

| | |
|---|---|
| DR. JOEL DREXEL,<br><br>        Plaintiff,<br><br>vs.<br><br>BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA; THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, DOES I THROUGH V, INCLUSIVE, AND ROE CORPORATIONS I THROUGH V, INCLUSIVE,<br><br>        Defendants. | Case No.:    CV08-03653 PVT<br><br>**DEFENDANTS BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA AND THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Action Filed:  June 19, 2008 |

      Defendants The Berkshire Life Insurance Company of America ("Berkshire") and The Guardian Life Insurance Company of America ("Guardian") (collectively "Defendants"), responding for themselves, and for no other Defendants, answer Dr. Joel Drexel's ("Plaintiff") Complaint for Damages ("the Complaint") as follows:

      1.     Defendants admit the allegations in this paragraph.

---

2. Defendants deny the allegations in this paragraph. Defendants admit that Berkshire and Guardian are authorized to transact business in the State of California.

3. Defendants deny the allegations in this paragraph.

4. Defendants admit that Berkshire is a wholly owned stock subsidiary of Guardian. Otherwise, Defendants deny the allegations in this paragraph.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

5. Defendants hereby incorporate by reference their answers to paragraph 1 through 4 above as though fully set forth below

6. Defendants admit that Plaintiff resides in the State of California and in this judicial district.

7. Defendants admit that Guardian issued to Plaintiff an individual disability policy on September 1, 2002 ("the Policy"). The application for the Policy was signed on August 2, 2002 in California. Except as so admitted, Defendants deny the allegations in this paragraph.

8. Defendants admit that Plaintiff paid premium. Except as so admitted, Defendants deny the allegations in this paragraph.

9. Defendants state that the terms, conditions, limitations, and restrictions stated in the Policy speak for themselves. Defendants deny the allegations in paragraph 9 of the Complaint to the extent that they are inconsistent, contradict, or misstate the terms, conditions, limitations, and restrictions stated in the Policy.

10. Defendants state that the terms, conditions, limitations, and restrictions stated in the Policy speak for themselves. The Policy includes a Cost of Living Adjustment Rider ("COLA") and the terms, conditions, limitations, and restrictions of this rider speak for themselves. Defendants deny the allegations in paragraph 10 of the Complaint to the extent that they are inconsistent, contradict, or misstate the terms, conditions, limitations, and restrictions stated in the Policy and the COLA rider to the Policy.

11. Defendants admit that Plaintiff claims he was in a traffic accident on December 1, 2003 ("the accident"). Except as so stated, Defendants lack knowledge or information sufficient

to form a belief about the truth of the allegations in this paragraph, and on this basis, deny the allegations in this paragraph.

12. Defendants admit that Plaintiff claims he was working as a dentist at the time of the accident. Except as so stated, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on this basis, deny the allegations in this paragraph.

13. Defendants admit that documents in the file pertaining to the claim for disability benefits submitted by Plaintiff ("the claim file") state that Plaintiff received some treatment for purported symptoms of neck and left arm pain. These documents speak for themselves. Except as so admitted, Defendants deny the allegations in this paragraph.

14. Defendants deny the allegations in this paragraph.

15. Defendants deny the allegations in this paragraph.

16. Defendants deny the allegations in this paragraph.

17. Defendants admit that Plaintiff advised Berkshire that he no longer is practicing as a dentist. Except as so stated, Defendants deny the allegations in this paragraph.

18. Defendants admit that, at times, and under certain circumstances, performing certain dental procedures may require very minor flexing of the neck. Except as so admitted, Defendants deny the allegations in this paragraph and further deny that plaintiff is disabled.

19. Defendants deny the allegations in this paragraph.

20. Defendants deny the allegations in this paragraph.

21. Defendants deny the allegations in this paragraph.

22. Defendants deny the allegations in this paragraph.

23. Defendants admit that Plaintiff submitted claim forms. Except as so admitted, Defendants deny the allegations in this paragraph.

24. Defendants deny the allegations in this paragraph.

25. Defendants admit that benefits were paid to Plaintiff under the Policy. Except as so admitted, Defendants deny the allegations in this paragraph.

26. Defendants admit that, in a letter to Plaintiff dated September 12, 2006, Defendants advised Plaintiff that he did not qualify for benefits under the Policy. Except as so admitted, Defendants deny the allegations in this paragraph.

27. Defendants deny the allegations in this paragraph.

28. Defendants deny the allegations in this paragraph.

29. Defendants deny the allegations in this paragraph.

30. Defendants deny the allegations in this paragraph.

## SECOND CAUSE OF ACTION
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

31. Defendants hereby incorporate by reference their answers to paragraph 1 through 30 above as though fully set forth below.

32. Defendants deny the allegations in this paragraph.

33. Defendants deny the allegations in this paragraph.

34. Defendants deny the allegations in this paragraph.

35. Defendants deny the allegations in this paragraph.

36. Defendants deny the allegations in this paragraph.

37. Defendants deny the allegations in this paragraph.

38. Defendants deny the allegations in this paragraph.

39. Defendants deny the allegations in this paragraph.

40. Defendants deny the allegations in this paragraph.

41. Defendants deny the allegations in this paragraph.

## THIRD CAUSE OF ACTION
### (Declaratory Relief as to Restatement of Benefits and Refund of Premium Collected)

42. Defendants hereby incorporate by reference their answers to paragraph 1 through 41 above as though fully set forth below.

43. Defendants admit that, by virtue of filing the Complaint, Plaintiff has created a controversy, the details of which are alleged in the Complaint. Except as so stated, Defendants deny the allegations in this paragraph.

44. Defendants admit that Plaintiff seeks relief. Defendants deny that he is entitled to the relief sought in the Complaint.

45. Defendants deny the allegations in this paragraph.

46. Defendants deny the allegations in this paragraph.

47. Defendants admit the allegations in this paragraph.

### FOURTH CAUSE OF ACTION
### (Unjust Enrichment)

48. Defendants hereby incorporate by reference their answers to paragraph 1 through 47 above as though fully set forth below.

49. Defendants admit that Plaintiff paid premium. Except as so stated, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on this basis, denies the allegations in this paragraph.

50. Defendants admit that they have received monthly premiums.

51. Defendants deny the allegations in this paragraph.

### FIFTH CAUSE OF ACTION
### (Infliction of Pain & Emotional Distress)

52. Defendants hereby incorporate by reference their answers to paragraph 1 through 51 above as though fully set forth below.

53. Defendants deny the allegations in this paragraph.

54. Defendants deny the allegations in this paragraph.

55. Defendants deny the allegations in this paragraph.

### SIXTH CAUSE OF ACTION
### (Negligent Misrepresentation)

56. Defendants hereby incorporate by reference their answers to paragraph 1 through 55 above as though fully set forth below.

57. Defendants admit that the terms and conditions stated in the Policy speak for themselves. Defendants further admit that Defendants are reputable, reliable, and trustworthy disability insurers who pay benefits to disabled insureds in good faith and without undue delay. Moreover, Defendants admit that, under the Policy, benefits would be paid to Plaintiff without

undue delay in the event that Plaintiff qualified for benefits. With regards to Plaintiff's specific requests and needs for income protection in the event of disability, Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation, and on this basis, denies the allegations in this paragraph.

58. Defendants deny the allegations in this paragraph.

59. Defendants deny the allegations in this paragraph.

60. Defendants deny the allegations in this paragraph.

61. Defendants deny the allegations in this paragraph.

62. Defendants deny the allegations in this paragraph.

## SEVENTH CAUSE OF ACTION
### (Attorney's Fees)

63. Defendants hereby incorporate by reference their answers to paragraph 1 through 62 above as though fully set forth below.

63 (sic) Defendants deny the allegations in this paragraph.

Defendants deny the allegations in the prayer of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Defendants allege that the Complaint, and each purported claim for relief alleged therein, fails to state facts sufficient to constitute a claim for relief against Defendants, and each of them. Specifically, there is no claim for relief for attorney's fees under California law. A claim for declaratory relief cannot be pled in conjunction with a claim for relief for breach of contract based on the same contract. Plaintiff fails to plead, nor can he prove, the requisite emotional distress and outrageous conduct to support a claim for relief for intentional infliction of emotional distress. Moreover, Plaintiff cannot allege a claim for relief for negligent misrepresentation against an insurance company since the relationship is governed by contract. Further, Plaintiff fails to allege the specific representations necessary to state a claim for relief for negligent misrepresentation.

\\\

\\\

### SECOND AFFIRMATIVE DEFENSE

Defendants allege that any and all of the actions taken by any corporate officer, employee, and/or agent of Defendants' were good faith assertions of the rights of Defendants and were therefore privileged and/or justified.

### THIRD AFFIRMATIVE DEFENSE

Defendants allege that if Plaintiff has sustained any damages as alleged in the Complaint, which Defendants deny, he has failed to mitigate his damages.

### FOURTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff has waived any and all claims that he may have or have had to the relief, if any, referred to in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff is estopped from alleging that Defendants caused or contributed to the damages, if any, referred to in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

Defendants allege, on information and belief, that Plaintiff is barred from seeking any equitable relief by his own unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff's claim for residual disability benefits is legally barred due to Plaintiff's failure to provide notice as required under the Policy.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants allege that if Defendants failed to perform any obligations owing to the Plaintiff, which Defendants categorically deny, Defendants allege that such performance was prevented or made impossible as a result of acts or omissions of Plaintiff and/or other third parties.

### NINTH AFFIRMATIVE DEFENSE

Without conceding that Plaintiff sustained any damages as alleged in the Complaint, Defendants allege that if any such damages were sustained by Plaintiff, Plaintiff failed to and did

not exercise ordinary care, caution or prudence on his own behalf and that the alleged damages, if any, either sustained by Plaintiff or referred to in the Complaint were directly and proximately caused and contributed to by the acts and/or omissions of Plaintiff. Accordingly, recovery, if any, on the part of Plaintiff against Defendants must be reduced by a proportionate percentage of the wrong attributable to Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

Defendants allege that, without conceding Plaintiff has sustained any damages as alleged in his Complaint, if any such damages were sustained by Plaintiff, they were caused by persons or entities other than Defendants, and at all times, these other person or entities were acting without the consent, authorization, knowledge or ratification of Defendants, with regard to any and all of the acts alleged in the Complaint, and the award of damages, if any, should be reduced by the proportionate percentage of the wrong attributable to those persons or entities.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff failed to comply with one or more of the conditions precedent to coverage under the Policy.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants allege each purported claim for relief set forth in the Complaint is barred, in whole or in part, by the applicable statute of limitations including, but not limited to, California Code of Civil Procedure §§ 337, 338, 339 and 340.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants allege that any and all actions taken by Defendants were fair and reasonable and were performed in good faith based on all the relevant facts known to Defendants at all applicable times.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendants allege that the Complaint, and each purported claim for relief contained therein, fails to state any facts that would entitle Plaintiff to recover general, compensatory, and/or punitive damages (including attorney's fees and costs) against Defendants.

8

DEFENDANTS BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA AND THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT
USDC NDCA Case #CV08-03653 PVT
366843.2

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants allege that the basis by which punitive damages are imposed pursuant to California statutory and common law, are fatally constitutionally infirm, and that giving effect to such laws is violative of the First, Fourth, Fifth, Sixth, Eighth (except the excessive fines clause) and the Fourteenth Amendments to the United States Constitution and the equivalent provisions in the California Constitution.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendants allege that the California practice of allowing the wealth of an insurance company Defendant to be the primary measure for the imposition of a punitive and exemplary damage award constitutes an impermissible punishment of Guardian's and Berkshire's status in violation of its rights to due process and equal protection of the laws under the Fifth and Fourteenth Amendments to the United States Constitution and by Article I, Section 7 of the California Constitution.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants allege that granting Plaintiff's prayer for punitive damages against it would violate certain provisions of the Constitution of the United States including but not limited to, the following: The Fifth and Fourteenth Amendments guarantee these Defendants due process of the law and are violated by the operation of such vague, imprecise and impermissible laws regarding both the awarding and the amount of punitive damages as are the laws on which the subject punitive damage claim is based; an award of punitive damages against Guardian and/or Berkshire under the facts of this case would violate due process as being grossly excessive in relation to the legitimate interests of the State of California; the Fourteenth Amendment guarantees Defendants equal protection of the laws and is violated by the imposition of punitive damages in that such sanction is discriminatory and arbitrary in penalizing Defendants on the basis of wealth; the Fourth, Fifth and Sixth Amendments form the basis for laws governing the processing, convicting and sentencing of criminal Defendants and to the extent that the Complaint is subjected to criminal sanction for punitive damages, the burden of proof required to impose the same should

be proof beyond a reasonable doubt and punitive damages should not be awarded without affording Defendants full range of criminal safeguards afforded by the Constitution and the imposition of punitive damages would violated Article I Section XX of said Constitution. Defendants further allege that in addition to the above, the imposition of punitive damages on Defendants would violate similar and related provisions of the Constitution of the State of California.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants allege that the imposition of punitive damages against it would violate California Civil Code § 3294 for, among other reasons, there is no clear and convincing evidence of malice, oppression, or fraud by Defendants.

### NINETEENTH AFFIRMATIVE DEFENSE

Without conceding that Plaintiff has suffered any damages as alleged in the Complaint, Defendants allege that if any such damages were sustained by the Plaintiff, those damages should be properly apportioned among all persons or entities who contributed to those damages in proportion to the fault of those persons or entities, pursuant to California Civil Code Section 1431.2 and any relevant provisions of California common and statutory law.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff's damage claims are limited by California Insurance Code section 10111.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants allege that each of Plaintiff's claims and causes of action herein are barred by the doctrine of accord and satisfaction and waiver.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants presently have insufficient knowledge or information on which to form a belief whether they may have additional, yet unstated affirmative defenses. Defendants reserve their right to assert additional affirmative defenses in the event discovery or further investigation indicates that asserting additional affirmative defenses would be warranted.

## PRAYER

WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

1. That Plaintiff takes nothing by way of his Complaint on file and that the same be dismissed with prejudice;

2. For judgment against Plaintiff and in favor of Defendants;

3. That Defendants recover their costs of suit incurred herein, including reasonable attorney's fees; and

4. For such other and further relief as this Court deems just and proper.

Dated: August 1, 2008

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: _____/s/ Sean P. Nalty_____
SEAN P. NALTY
Attorneys for Defendants
BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA and THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA

---

11
**DEFENDANTS BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA AND THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT**
USDC NDCA Case #CV08-03653 PVT
366843.2

# CERTIFICATE OF SERVICE
*Dr. Joel Drexel v. Berkshire Life Insurance Company of America; et al.*
USDC NDCA Case #CV08-03653 PVT

I am a citizen of the United States. I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address is 525 California Street, 17th Floor, San Francisco, California 94105.

On this date I served the following document(s):

**DEFENDANTS BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA AND THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT**

on the parties identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

_X_: **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

_☐_: **By Personal Service** – I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

_☐_: **By Overnight Courier** – I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

_☐_: **Facsimile** – (Only where permitted. Must consult CCP § 1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.C.A.)

Reza Athari, Esq.
REZA ATHARI & ASSOCIATES, PLLC
6235 S. Pecos Rd., Suite 109
Las Vegas, NV  89120
Tel:     (702) 433-3529
Fax:    (702) 458-8508

*Attorneys for Plaintiff*
**DR. JOEL DREXEL**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED **August 1, 2008** at San Francisco, California.

_____
Nancy Ly